FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER B., | No. 1:20-CV-03015-JTR |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 20. Attorney D. James Tree represents Christopher B. (Plaintiff); Special Assistant United States Attorney Jacob Peter Phillips represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on July 20, 2017, alleging disability since July 1, 2017, due to PTSD, depression, anxiety, right knee pain, back pain/arthritis, right wrist ganglion cyst, and COPD. Tr. 141-42. The application was denied initially and upon reconsideration. Tr. 171-79, 181-87. Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on October 15, 2018, Tr. 86-114, and issued an unfavorable decision on February 15, 2019. Tr. 15-29. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 242-44. The Appeals Council denied the request for review on December 17, 2019. Tr. 1-5. The ALJ's February 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 31, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 44 years old as of the filing of his application. Tr. 28. He has a minimal education and has held mostly sporadic short-term jobs in kitchens and general laboring. Tr. 103-05, 415. He previously applied for disability in 2013 and was denied in an ALJ decision in January 2016. Tr. 118-30.

## STANDARD OF REVIEW

The ALJ is responsible for determining the reliability of a claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but

less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).
///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . . - 3

### ADMINISTRATIVE FINDINGS

On February 15, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-29.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: affective disorder, anxiety disorder, personality disorder, mild substance use disorder (opioids), right knee joint dysfunction disorder, right hand disorder, and spinal disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> He can perform jobs with a specific vocational preparation level of 2 or less (i.e. unskilled work); he can have occasional and incidental contact with the general public, supervisors, and coworkers; he can tolerate few workplace changes and make simple routine decisions; he can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; he cannot climb ladders, ropes, or scaffolds; he can handle and finger frequently; and he can have occasional exposure to vibration and hazards.

Tr. 19.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a kitchen helper. Tr. 28.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform,

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 4

specifically identifying the representative occupations of small product assembler, marking clerk, and routing clerk. Tr. 28-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) failing to properly assess whether the presumption of non-disability arising from the prior unfavorable decision had been overcome; (2) not properly assessing Plaintiff's vision and respiratory impairments; (3) not properly assessing the medical opinions; and (4) not properly assessing Plaintiff's testimony.

## DISCUSSION

### 1.    Medical opinions

Plaintiff contends the ALJ erred by improperly assessing the medical opinions. Specifically, he asserts the ALJ erred in rejecting opinions from DSHS examining doctors Cline and Bowes, and that the ALJ failed to properly analyze the opinions from the state agency reviewing doctors. ECF No. 13 at 6-17.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical

finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). [1]

_____

[1] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF No. 13 at 6; ECF No. 20 at

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### a. Dr. Cline

Plaintiff attended three consultative psychological exams with Dr. Rebekah Cline from 2015 to 2017. Tr. 408-18.

In 2016, Dr. Cline diagnosed Plaintiff with PTSD, panic disorder, major depressive disorder (rule out psychotic symptoms), and unspecified personality disorder with features of antisocial personality disorder, and opined he was markedly or severely limited in communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 410-11. In 2017, she listed his diagnoses as antisocial personality disorder, PTSD, and major depressive disorder with psychotic features. Tr. 416. She continued to find him markedly or severely limited in the same work-related categories. Tr. 410-11.[2]

The ALJ found the 2016 opinion was not material because it was offered over a year prior to Plaintiff's application for benefits. Tr. 23. He found the 2017 opinion was not persuasive for a number of reasons, including Plaintiff's lack of psychological treatment, Dr. Cline's failure to review any treatment notes, the use

10-13. The Court finds resolution of this question unnecessary to the disposition of this case.

[2] The 2015 evaluation is not a part of the current record. However, the 2016 exam references Dr. Cline's review of her previous assessment, noting the diagnosis of malingering. Tr. 408. The 2016 ALJ decision quoted Dr. Cline's 2015 assessment, noting her primary diagnosis of malingering, but also the possibility of underlying mental health disorders such as anxiety, PTSD, and some traits of antisocial personality disorder. Tr. 126. According to the prior ALJ decision, Dr. Cline offered no opinion as to the severity of Plaintiff's mental impairments in 2015. Tr. 127.

of a form related to a state program, the lack of discussion about the various ratings, her reliance on Plaintiff's unreliable self-reports, internal inconsistencies and inconsistencies with the record, and the timing of the report. Tr. 23-26.

Plaintiff argues the ALJ erred in failing to discuss the 2016 opinion, and asserts the reasons offered for discounting the 2017 opinion are irrelevant or unsupported by the evidence. ECF No. 13 at 7-14. Defendant asserts the ALJ reasonably found the 2016 opinion significantly preceded the relevant period, and argues that under the new regulations an ALJ is not required to individually discuss multiple opinions from the same source. ECF No. 20 at 14-15. Defendant further argues the ALJ reasonably considered the 2017 opinion's inconsistency with other evidence, based on Plaintiff providing inaccurate information to Dr. Cline, and reasonably considered Dr. Cline's lack of review of any other record, thus making her unaware of Plaintiff's past history of manipulation of other doctors and inconsistent reports of symptoms. *Id.* at 15-17.

The Court finds that, while the ALJ discussed the required factors of consistency and supportability, his assessment is not supported by substantial evidence.

### i. Plaintiff's lack of treatment

The ALJ noted Dr. Cline's opinion that Plaintiff needed to be in more regular treatment, and that her report did not address Plaintiff's functional capacity had he received such treatment. Tr. 24. This is irrelevant to the assessment of whether Dr. Cline's report was an accurate and reliable assessment of Plaintiff's current functioning. While an ALJ may deny a claim if the claimant declines to undergo treatment that is expected to restore his ability to work, the ALJ must make particularized findings in order to do so. Social Security Ruling 18-3p. Dr. Cline's opinion assessed Plaintiff's functioning at the time the opinion was offered; whether he would have improved with additional treatment was not relevant to the accuracy or reliability of the opinion at the time it was offered.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

Similarly, the ALJ's indication that Plaintiff "arguably did not want to improve and presumably risk being disqualified from state benefits" was wholly without support in the record, and irrelevant to the evaluation of Dr. Cline's opinion.

### ii. No review of treatment notes

The ALJ discounted Dr. Cline's opinion based on her failure to review other treatment notes, which he found indicated she was unaware of Plaintiff's longitudinal history and his past misleading or inaccurate statements to other providers. Tr. 24, 25. The ALJ noted Plaintiff offered various reasons for losing past jobs, inconsistently reported his awareness of his anger problem, and provided inaccurate information about how frequently he attended therapy. Tr. 25.

The Court finds none of these factors constitute substantial evidence to discount Dr. Cline's opinion. Regarding the reason for the end to his work at the fairgrounds, there is no inconsistency, as Dr. Cline's report was referring to Plaintiff's work at Pizza Hut and Plaintiff's testimony referenced his job at the fairgrounds. Tr. 94, 415.[3] Plaintiff's level of awareness of the severity of his anger problem is not inconsistent with him having had anger before and starting to realize that it was more of a problem after receiving treatment. Regardless of how often Plaintiff was attending therapy, Dr. Cline did not believe it was frequent enough and offered an opinion based on his current presentation.

Furthermore, the treatment records document similar symptoms to those Plaintiff reported to Dr. Cline, including depression, PTSD, and antisocial traits.

---

[3] Dr. Cline's 2017 report contains some information that was copied from her previous reports. *Compare* Tr. 409 with Tr. 415. The line about failing computer training and not returning to work was copied from the 2015 report, which does not appear in this record but was summarized in the 2016 ALJ decision using the same language that appears in the 2017 report. Tr. 126.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

Tr. 330-38, 437-39, 441-43. Dr. Cline examined Plaintiff three times, and was aware of her prior assessment of malingering and Plaintiff's own endorsement of problems telling the truth. Tr. 414. Therefore, the ALJ's discussion does not make clear why he found Dr. Cline's failure to review records was relevant to the reliability of her opinion.

### iii. The form used

The ALJ found the form Dr. Cline completed was not helpful, as the categories of mild, moderate, and marked were not appropriate, and she did not provide any discussion about each of the ratings and the factors used to support the ratings. Tr. 24. The ALJ additionally found the form did not account for interrelatedness between the functional areas, and indicated that Dr. Cline did not consider Plaintiff's ability to maintain appropriate behavior in a work setting that did not involve substantial contact with others. *Id.*

The form Dr. Cline completed defined "marked" as a "very significant limitation on the ability to perform" and "severe" as an "inability to perform the particular activity in regular competitive employment or outside of a sheltered workshop." Tr. 416. Therefore, the ALJ's finding that the form was not helpful because of the use of the terms mild, moderate, and marked is not reasonable. The ALJ's conclusion that Dr. Cline did not provide a discussion about the ratings and the factors used to assess those ratings ignores the remainder of her report where she discussed Plaintiff's symptoms and her findings throughout the interview. She further explained that he "remains very difficult to employ, mainly due to his attitude and personality disorder, [which] are correlated." Tr. 417. The ALJ's further implication that Dr. Cline did not consider Plaintiff's abilities if he were in a position without much contact with others is speculative. Dr. Cline indicated that Plaintiff's primary issues stemmed from his attitude and personality disorder, and implied that he would have difficulty with any contact, particularly given his maladaptive personality traits of acting without thinking about consequences, lack

of remorse for his actions, problems following rules and laws, problems with authority, and past problems keeping jobs. 414. The ALJ's conclusions are not supported by substantial evidence.

### iv. Reliance on Plaintiff's self-reports

The ALJ found Dr. Cline relied heavily on Plaintiff's unreliable self-reports, noting she personally observed him to be cooperative and have normal speech, despite his reports of problems related to anger control. Tr. 25. There is no indication that Dr. Cline relied more heavily on Plaintiff's self-reports over her own professional judgments and objective observations. She conducted a clinical exam, administered the Rey (and found Plaintiff's score indicated an average level of effort and cooperation and met the basic criteria for non-malingering), and conducted a mental status exam where she observed Plaintiff to have an anxious affect and to not be within normal limits regarding his thought process and content, orientation, perception, abstract thought, and insight and judgment. Tr. 414-18. She also reviewed her 2016 report, which contained further objective findings and her observations of Plaintiff as irritable, difficult, and guarded, along with his use of profanity and refusal to disclose information to Dr. Cline due to lack of trust. Tr. 412. The ALJ's conclusion that Dr. Cline's opinion was overly reliant on Plaintiff's incredible self-reports is not supported by substantial evidence.

### v. Internal inconsistency

The ALJ found Dr. Cline's report to be inconsistent in concluding Plaintiff had significant problems stemming from his antisocial personality disorder while simultaneously recognizing his interactions with people in his everyday life. Tr. 25. The Court finds no inconsistency, as Dr. Cline was commenting on Plaintiff's ability to appropriately interact with others in the context of a sustained full-time job in a professional environment, as opposed to occasional personal interactions for the purposes of transportation and everyday survival.

///

### vi. Timing of the report

The ALJ found the relevancy of the 2017 report to be reduced because it was offered during the same month Plaintiff applied for benefits, right at the beginning of the relevant period, and there was no reevaluation to confirm Dr. Cline's estimated duration of 12 months. Tr. 25. The ALJ must evaluate all opinions from the relevant period. The fact that this one occurred at the beginning of the relevant period is not material to its persuasiveness. The Court notes that the opinions from the state agency doctors, which the ALJ found the most persuasive, were offered only a few weeks and a few months after Dr. Cline's opinion. Tr. 141-53, 155-68. Furthermore, as discussed below, Dr. Bowes examined Plaintiff 11 months after Dr. Cline and found him to be more impaired. Tr. 396-97. Therefore, the ALJ's statement that there was no reevaluation to confirm her estimated duration was incorrect.

### vii. Similarity to 2016 report

Finally, the ALJ found the 2017 report to be very similar to the 2016 report, which was offered prior to the 2016 ALJ unfavorable decision, thus indicating to Judge Mangrum that Plaintiff experienced no material improvement since the prior decision was rendered. Tr. 25-26. The Court notes, however, that Dr. Cline's 2016 opinion was not a part of the record for the 2016 ALJ decision, and thus was not factored into the prior denial. Tr. 134-35. Therefore, the conclusion that Plaintiff's functional ability had not changed from the prior decision does not follow from the similarity of these two reports.[4]

_____

[4] The Court further notes that the ALJ was inconsistent throughout the opinion as to whether Dr. Cline's 2016 report was relevant or not. Despite stating the 2016 opinion was outside the relevant period and was therefore not material (Tr. 23), the ALJ made references to both of Dr. Cline's earlier opinions, particularly in emphasizing the initial finding of malingering. Tr. 21. On remand,

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12

The Court therefore finds the ALJ's assessment of the persuasiveness of Dr. Cline's opinion is not supported by substantial evidence.

### b. Dr. Bowes

Plaintiff attended another consultative psychological exam for DSHS in 2018, with Dr. Tasmyn Bowes. Tr. 393-98. Dr. Bowes diagnosed Plaintiff with PTSD, persistent depressive disorder, and unspecified personality disorder (antisocial and borderline). Tr. 396. She opined Plaintiff had marked limitations in handling detailed instructions and performing within a schedule and maintaining regular attendance, and was severely limited in communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 396-97.

The ALJ found Dr. Bowes's opinion was not persuasive or consistent with the overall record, finding numerous problems, including Dr. Bowes did not review other records, there were multiple inconsistencies in the information Plaintiff provided to her, there were internal inconsistencies, she evaluated him without the benefit of treatment, she was not aware that he misrepresented information to his treating provider, and she used the same problematic form that Dr. Cline used. Tr. 26-27.

As with the analysis regarding Dr. Cline, most of the ALJ's reasons are not supported by substantial evidence. The Court notes that Plaintiff did appear to report facts to Dr. Bowes that do not appear elsewhere in the file, such as claiming to have an alternate personality and being unable to read. However, as this claim is being remanded for reassessment of other evidence, the ALJ shall also reconsider the persuasiveness of Dr. Bowes' opinion.

_____

the ALJ should clarify whether he finds this evidence to be material to the determination.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### c. Drs. Robinson and Eather

At the initial and reconsideration stages, the state agency reviewing doctors, Dr. John Robinson and Dr. Bruce Eather both offered opinions on Plaintiff's mental RFC, finding him capable of performing simple, routine tasks with limited social contact with coworkers and the public. Tr. 150-51, 165-66. Dr. Eather additionally found Plaintiff was capable of following some more detailed instructions. Tr. 165.

The ALJ found Dr. Eather's opinion to be the most persuasive and most consistent with the record as discussed by the ALJ. Tr. 23. He further noted that Dr. Eather's opinion confirmed that the evidence did not support a finding of material worsening of Plaintiff's mental conditions since the prior ALJ decision in 2016. *Id.*

Plaintiff argues the ALJ failed to articulate how he considered the supportability and consistency factors, and merely stated his conclusion that Dr. Eather's opinion was the most consistent with the record. ECF No. 13 at 16-17. Plaintiff argues that substantial evidence does not support the ALJ's conclusion, as the state agency opinions were inconsistent with every other psychological opinion in the file, and neither source offered any support or explanation for their conclusions. *Id.*

Defendant argues the ALJ legitimately found these opinions the most persuasive due to their consistency with the record, and that Plaintiff's alternative interpretation of the record does not establish error. ECF No. 20 at 19-20. Defendant further notes that an ALJ is not required to discuss at length medical evidence he does not reject. *Id.*

The Court finds the ALJ failed to comply with the requirements of the new regulations. An ALJ is required to articulate how they considered the consistency and supportability factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 14

here did not address the supportability of Dr. Eather's opinion and did not articulate his assessment of either factor with respect to Dr. Robinson's opinion. Tr. 23. The ALJ's conclusory statement that Dr. Eather's opinion "is the most consistent with the record I discuss above" was insufficient to satisfy the requirements of the new regulations.

On remand, the ALJ shall reconsider the prior administrative medical findings and discuss their persuasiveness, along with the other medical opinion evidence.

### d. Dr. Wolfe

At the reconsideration stage of review, Dr. Charles Wolfe opined Plaintiff's severe physical impairments included spine disorder, other arthopathies, and COPD. Tr. 160. He assessed a light RFC with postural limitations, and recommended Plaintiff avoid concentrated exposure to extreme cold, vibration, hazards, and fumes/odors/dusts/gases/poor ventilation. Tr. 163-64.

The ALJ stated Dr. Wolfe's opinion was the same as the 2016 decision and noted there were no other opinions in the record about Plaintiff's physical functional capacity. Tr. 23. He indicated the RFC finding was in line with the 2016 decision and Dr. Wolfe's opinion. *Id.*

Plaintiff argues the ALJ erred by failing to explain how he assessed the supportability and consistency factors with respect to Dr. Wolfe's opinion, and failed to explain why the respiratory environmental limits were omitted from the RFC. ECF No. 13 at 6-7. Defendant concedes the ALJ was incorrect in stating that Dr. Wolfe's opinion was in line with the RFC and the prior ALJ decision, but argues that the error was harmless, as the additional environmental limits would not have precluded the jobs found at step five. ECF No. 20 at 13-14.

///

///

///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 15

The Court finds the ALJ's error was harmless. The jobs identified at step five do not include any exposure to "Atmospheric Conditions."[5] *See* Small Product Assembler, DOT #706.684-022, *available at* 1991 WL 679050; Marking Clerk, DOT #209.587-034, *available at* 1991 WL 671802; Routing Clerk: DOT #222.687-022, *available at* 1991 WL 672133.

However, on remand the ALJ shall reassess all medical opinions and prior administrative medical findings and articulate how persuasive each opinion is, specifically considering the supportability and consistency of each opinion.

**2.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 13 at 17-21.

It is the province of the ALJ to make determinations regarding a claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not

---

[5] Atmospheric Conditions include exposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor ventilation. *See* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Department of Labor, Appendix D (1993).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 16

credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. The ALJ found there was no evidence of Plaintiff's physical or mental impairments worsening since the prior decision; he failed to abide by treatment recommendations; he had a history of providing inaccurate information; he demonstrated some ability to interact with others despite his reports of being unable to engage with other people; and the ALJ questioned whether Plaintiff wanted to work generally. Tr. 20-22.

As this claim is being remanded for reevaluation of the medical opinion evidence, the ALJ shall also reconsider Plaintiff's subjective complaints in context with the medical evidence and other evidence of record.

## 3.   Presumption of non-disability

Pursuant to Ninth Circuit case law and Social Security Acquiescence Ruling (AR) 97-4(9), when a claimant has received a prior final unfavorable decision from an ALJ or the Appeals Council, a rebuttable presumption of continuing non-disability arises on a subsequent application. AR 97-4(9). If the presumption is rebutted, the agency must still adopt certain findings pertaining to the RFC, education, and work experience, unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations, or rulings affecting the findings. *Id.*

Plaintiff applied for Supplemental Security Income in 2013 and was denied in an ALJ decision in January 2016. Tr. 118-30. His request for review was denied by the Appeals Council in April 2017, making the ALJ's decision final. Tr. 136. Plaintiff argues ALJ Mangrum erred in failing to state one way or the other

whether the presumption of continuing non-disability was rebutted, noting the ALJ discussed the lack of evidence of worsening conditions, but contrarily found additional severe impairments that were not included in the prior decision. ECF No. 13 at 3-4. Defendant argues that any error on the part of the ALJ was harmless, as the ALJ proceeded through the sequential evaluation process, evaluated the medical evidence, and applied the new regulations, thus demonstrating his independent analysis of the updated record. ECF No. 20 at 3-4.

As this claim is being remanded for further consideration of the medical evidence and Plaintiff's subjective complaints, the ALJ shall reassess whether there are changed circumstances that rebut the presumption of continuing non-disability.

**4.    Step 2**

Plaintiff argues the ALJ erred in failing to find Plaintiff's COPD to be a severe impairment and in failing to discuss his cataracts at all. ECF No. 13 at 4-6.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities."  20 C.F.R. § 416.922(a). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The step-two analysis is "a de minimis

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 18

screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

### a. COPD

At step two the ALJ found Plaintiff's COPD to be non-severe. Tr. 17-18. He noted that Plaintiff was prescribed inhalers, but found there was no evidence of abnormal functioning, and found the focus of treatment had not been on breathing-related issues. *Id.*

Plaintiff argues the record documents his receipt of treatment for coughing and breathing problems, and needing his inhaler daily. ECF No. 13 at 5-6. He further points to the state agency reconsideration opinion from Dr. Wolfe, which recommended environmental limitations on exposure to dusts, odors, and gases, and argues the ALJ gave no reasons for discounting these limits. *Id.* Defendant argues that even if the ALJ had credited Dr. Wolfe's limitations, the jobs identified at step five would not have been precluded. ECF No. 20 at 9-10.

The only evidence Plaintiff identified in the record as containing limitations regarding COPD was Dr. Wolfe's opinion. As discussed above, the limitations recommended by Dr. Wolfe would not have precluded any of the jobs found at step five. Therefore, any error in not identifying COPD as severe was harmless at most.

### b. Cataracts

Plaintiff argues the ALJ erred in failing to discuss Plaintiff's vision impairment, noting his complaints of decreased visual acuity in early 2017 and his cataract surgery in June 2017. ECF No. 13 at 5. Defendant argues Plaintiff never claimed disability based on his vision, and argues his cataract surgery in 2017 was successful and any remaining vision limits were correctable with lenses. ECF No. 20 at 8-9.

The Court finds the ALJ did not err. There is no indication in the record of ongoing limitations following Plaintiff's cataract surgery. Plaintiff did not testify to

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 19

any limitations due to his vision and the record contains no opinion evidence recommending any restrictions based on vision impairments.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2.     Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3.     The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.     An application for attorney fees may be filed by separate motion.

///

///

///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 20

1
2
3

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

4

**IT IS SO ORDERED.**

5

DATED January 27, 2021.

6
7
8



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 21